A96A2116. DUNN et al. v. LIGHTLE.
(476 SE2d 776)

ELDRIDGE, Judge.

Appellee filed an action to quiet title to an 8.14-acre parcel of land in Tift County to which he held a warranty deed with unclear metes and bounds. Appellants challenged appellee's claim to part of the land adjoining appellants' land, to which they held a quitclaim deed. The trial court appointed an arbitrator to hear the boundary line dispute; the arbitrator concluded that appellee had title to the disputed property based on acquiescence for a period in excess of seven years under color of title. Appellants challenge the arbitrator's decision, which was adopted and made the judgment of the trial court. In reviewing the trial court's decision, "[t]he findings of a judge acting as a jury will not be disturbed if there is any evidence to support the judgment." *Adams v. Crowell*, 157 Ga. App. 576 (278 SE2d 151) (1981); *Collins v. Brayson Supply Co.*, 157 Ga. App. 438, 439 (278 SE2d 87) (1981).

1. The first enumeration of error is that the trial court erred when it awarded appellee the property at issue under the acquiescence rule of OCGA § 44-4-6, which provides that "[a]cquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line" for allocating disputed property. Although appellants assert that the deeds in evidence establish the boundaries of the disputed property and that acquiescence will not establish a divisional line in disregard of definite boundaries fixed by deeds, see *Gauker v. Eubanks*, 230 Ga. 893 (199 SE2d 771) (1973), the arbitrator found that neither of the extensive chain of deeds that the parties presented at the hearing conclusively established a boundary line for the disputed property. Therefore, since no dividing line was established by the deeds, appellants' acquiescence to appellee's use of the land openly and adversely for the statutory period serves to establish the boundary line for the disputed property.

This finding is supported by evidence presented at the hearing, including the unchallenged testimony of the appellee that appellee's family had used and maintained the land bordered by the "Dunn fence"; had stabled horses on the land; and had made uncontested statements of ownership regarding the land to appellants' family during the period from 1973 until 1987. In addition, appellants admit that their family had used and maintained the land north of the fence as a pasture, but used the disputed property south of the fence

only for drainage. Further supporting the arbitrator's findings is uncontested evidence that both parties agreed to a specific boundary line along the fence after driving out to the property together, and appellants marked the boundary of the land by cutting tree limbs with a hatchet.

Therefore, there is sufficient competent evidence to support the trial court's finding that appellee acquired the disputed land by the acquiescence of appellants for the statutory period pursuant to OCGA § 44-4-6.

However, appellants assert that one cannot obtain title to disputed property through acquiescence. *Gauker*, supra. While it is true that title will not be established based on acquiescence alone, "where a proved title, by a fair construction, will embrace the lands up to the line established by acquiescence, then . . . title comes from the source proved, and the acquiescence fixes the dividing line." *Veal v. Barber*, 197 Ga. 555, 563 (30 SE2d 252) (1944).

In the case sub judice, the arbitrator found that "[n]one of the warranty deeds in either [parties'] chain of title are sufficient *in and of themselves* to establish title to the disputed property." (Emphasis supplied.) However, appellee's 1973 deed did encompass the disputed land, thereby establishing title through the deed, while the exact parameters of the property could be established through acquiescence or, alternatively, through agreement by appellants' undisputed physical marking of the property line. Therefore, title to the disputed property can be properly found in the appellee.

2. Further, appellants assert that the trial court erred when it awarded appellee damages, since the subject property did not belong to appellee. The arbitrator found that appellee was entitled to $60 damages for the removal of 15 trees from his property. Since there is evidence to support the trial court's determination that appellee owned the land, as well as the value of the trees that were removed from the land, then this Court will not disturb the award of damages to appellee.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED SEPTEMBER 19, 1996 —
RECONSIDERATION DENIED OCTOBER 10, 1996.

*Herbert W. Benson*, for appellants.
*Allen, Kelley & Sowell, Gregory C. Sowell*, for appellee.