A01A1251. CITY OF DEMOREST v. CITY OF BALDWIN et al.
(554 SE2d 824)

MILLER, Judge.

The City of Demorest appeals from the trial court's order denying Demorest's claim to enjoin the enforcement of a contract as modified between itself and the City of Baldwin and granting attorney fees to Baldwin. On appeal Demorest challenges the validity of the entire contract between Demorest and Baldwin, the award of attorney fees, and other findings of the trial court. We discern no error and affirm.

Demorest and Baldwin entered a contract to construct a water treatment plant that would provide water to both cities. After three modifications to the contract, Demorest sued Baldwin to enjoin Baldwin from enforcing the contract as modified, and Baldwin filed a counterclaim under OCGA § 9-15-14 for attorney fees.

The parties prepared a consent order through which they agreed to submit the entire matter to a "modified arbitration," and they informed the trial court that the case would be "submitted to arbitration with the [trial] court adopting the findings and conclusions of the arbitrator." The purported "purpose of [the] 'modified arbitration' [was] to allow both parties to appeal [the] Court's order. . . ." Consistent with the prior agreement of the parties, the trial court adopted all of the arbitrator's findings of fact and conclusions of law, which mandated a judgment in favor of Baldwin and an award of attorney fees to Baldwin.

On appeal Demorest alleges that several of the arbitrator's findings and conclusions were erroneous and that the trial court therefore erred by making these same findings and conclusions when it adopted the arbitrator's ruling. However, "it is well settled that when a party has himself induced what he subsequently assigns as error, he will not be heard to complain of it on appeal."[1] Since the trial court did exactly what the parties themselves requested by simply adopt-

---

[1] (Citations and punctuation omitted.) *Annis v. Tomberlin & Shelnutt Assoc.*, 195 Ga. App. 27, 34 (6) (392 SE2d 717) (1990).

ing the findings of fact and conclusions of law of the arbitrator, we disagree with Demorest and discern no error on the part of the trial court.

In this case, the judge did not sit as the trier of fact and did not choose the arbitrator involved. This so-called "modified arbitration" was done entirely by agreement of the parties. As the parties requested, the trial judge simply adopted the findings of the arbitrator. Demorest cannot now claim that the trial court erred in some way by adopting the very same rulings that the parties previously agreed that the trial court would accept without further inquiry.

This is not a case involving an arbitration award that the trial court refused to vacate after a motion by one of the parties.[2] Indeed, in such a case our review for error would be based on the statutory grounds enumerated in OCGA § 9-9-13 (b).[3] Nor is this a case where the judge sat as the trier of fact and chose an arbitrator to assist in the resolution of certain issues. In such a case, we would uphold the findings of the trial judge if there was any evidence to support the judgment.[4] The instant case involves a "modified arbitration" procedure that was invented and controlled by the parties. Here the trial court did exactly as the parties requested, and thus any error in the result was induced by the parties. All of the alleged errors referenced by Demorest in this case were of its own making, and it will not now be heard to complain of those errors here.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 11, 2001.

*Freeman, Mathis & Gary, T. Bart Gary, Stuart W. Gray, Christian A. Coomer, James C. Weidner*, for appellant.
*Hulsey, Oliver & Mahar, R. David Syfan*, for appellees.

---

[2] See, e.g., *Faiyaz v. Dicus*, 245 Ga. App. 55 (537 SE2d 203) (2000).
[3] *Greene v. Hundley*, 266 Ga. 592 (468 SE2d 350) (1996).
[4] *Dunn v. Lightle*, 223 Ga. App. 137 (476 SE2d 776) (1996).