## A01A1733. GREEN et al. v. SOMMERS.
(562 SE2d 808)

MILLER, Judge.

Elias Green and others appeal from the trial court's grant of summary judgment to plaintiff Jackie Sommers on Green's counterclaims for trespass to property, wrongful filing of a dispossessory action, and illegally acquiring title to Green's property. On appeal appellants contend that the trial court erred by (1) exercising jurisdiction over this case after the United States District Court for the Southern District of Georgia dismissed their removal petition to federal court, (2) granting Sommers's motion for summary judgment and a writ of possession against appellants, and (3) dismissing appellants' previous notices of appeal. We discern no error and affirm.

Viewed in the light most favorable to defendants, the record reveals that Green and the other appellants owned property that a bank acquired from them through foreclosure. Sommers bought virtually all of the property from the bank and on February 19, 1997, sought a writ of possession against Green and the other appellants with respect to the property he owned. The action was served on appellants on February 26, 1997. The trial court granted the writ of possession on April 4, 1997. Although Green had asserted counterclaims in his answer, the court failed to make a specific ruling on Green's counterclaims. After appellants made several unsuccessful attempts to appeal or to remove the case to federal court, Sommers moved for summary judgment on Green's counterclaims, which was granted by the court on February 8, 2001.

1. Appellants contend that the trial court erred by exercising jurisdiction over this case after the United States District Court for the Southern District of Georgia dismissed their April 14, 1997 petition to remove this case to federal court. More specifically, they argue that because the federal court did not send a certified copy of an order officially remanding the case back to the Superior Court of Chatham County, the trial court lacked jurisdiction following the federal court's dismissal of their removal petition. We find this argument to be without merit.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 USC § 1446 (b). Appellants filed their petition to remove the case over 30 days after they had been served with Sommers's dispossessory action, and after the trial court had already granted a writ of possession to Sommers. Since appellants themselves failed to follow proper procedures in their untimely attempt to remove this case to federal court, they will not now be heard to complain of any alleged

error in the trial court's continuing with the case after an allegedly improper remand. See, e.g., *City of Demorest v. City of Baldwin*, 251 Ga. App. 855 (554 SE2d 824) (2001) ("[I]t is well settled that when a party has himself induced what he subsequently assigns as error, he will not be heard to complain of it on appeal.") (punctuation and footnote omitted).

2. Appellants further argue that the trial court erred by granting Sommers's motion for summary judgment and by granting Sommers a writ of possession. We disagree.

When reviewing the grant or denial of summary judgment, we conduct a de novo review of the law and the evidence, construing the evidence and all reasonable deductions therefrom in favor of the non-movant. *Strozzo v. Coffee Bluff Marina Property*, 250 Ga. App. 212, 213 (1) (550 SE2d 122) (2001). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

It is clear that Sommers was the legal owner of the property at issue. Therefore, all of Green's counterclaims, which are based on the theory that Green was the owner of the property, are without merit. Appellants make no claim under any lease or other contract or under any cognizable theory of law that would grant them any legal right to possess the property. Since Sommers was the owner of the property at issue and entitled to possess it, the trial court did not err by granting him a writ of possession against appellants. See *West v. Veterans Admin.*, 182 Ga. App. 767, 768 (1) (357 SE2d 121) (1987).

3. In light of our holding in Division 2 based on the final judgment in this action, appellants' remaining enumeration of error is moot.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 26, 2002.

*James A. Yancey, Jr.*, for appellants.
Samuel Green et al., *pro se*.
*Lee, Black, Scheer & Hart, R. Jonathan Hart, Christopher L. Rouse*, for appellee.