## A05A0731. SHAVER v. KAWASAKI MOTORS CORPORATION, U. S. A.

(614 SE2d 240)

BARNES, Judge.

Mike Shaver appeals the trial court's order denying his request for attorney fees under the Magnuson-Moss Warranty Act, 15 USC § 2301 et seq. ("the Act"), after he recovered $385 on his breach of warranty claim against Kawasaki Motors Corporation, U. S. A. Shaver contends he is entitled to recover his attorney fees and costs because he prevailed on the merits and the trial court abused its discretion by interjecting its unsupported belief as to the jury's rationale behind the verdict.

Generally, the Act allows a prevailing consumer to recover his or her attorney fees and costs. It provides that

> [i]f a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 USC § 2310 (d) (2).

Shaver sued Kawasaki, the manufacturer of a motorcycle he bought, for breach of warranty, claiming that the motorcycle was defective. His complaint sought damages for breach of warranty and refund of his purchase price or replacement of the motorcycle. Kawasaki answered denying liability.

The evidence shows that Shaver brought the motorcycle to the dealer for repairs on several occasions, and it was repaired at no charge each time because it was under warranty. The motorcycle, however, was not repaired to Shaver's satisfaction, and he did not think the motorcycle was dependable. Shaver only took the motorcycle for repairs to the dealer from whom he purchased it, and he did not meet with any representatives from Kawasaki.

Although he was dissatisfied with the dealer's service, he did not sue them. Shaver admitted that he never contacted Kawasaki directly about the problems with his motorcycle and also admitted that Kawasaki never refused to repair the motorcycle. Shaver also testified that he notified Kawasaki of the problem in a letter from his attorney that informed Kawasaki that he was filing suit. The experts who testified stated that the motorcycle could be repaired without

resorting to extraordinary repairs. The motorcycle was still covered by warranty, and in fact Shaver testified that he intended to bring the motorcycle in for repairs, but he was waiting for the trial to be over.

Shaver claimed that because of its mechanical problems the motorcycle was only worth $6,000 when he bought it and his expert testified that the motorcycle was only worth $8,500. Shaver testified that he wanted Kawasaki to repurchase the motorcycle.

After the close of the evidence, the trial court granted Kawasaki's motion to dismiss Shaver's claim for consequential damages, and the case was submitted to the jury following the argument of counsel and the charge of the court. When the jury first returned a verdict for Shaver for $0, the trial court instructed the jury that this was not a proper verdict and that they should try again to reach a proper verdict. After a recharge by the trial court, the jury then returned a verdict in favor of Shaver for $385.

Subsequently, Shaver presented a request for $14,792.47 in fees and costs. After the trial court denied his request, Shaver filed this appeal.

Shaver contends the trial court erred by denying his request for attorney fees and costs because he prevailed in the trial and, therefore, under the Act he is entitled to recover his attorney fees and costs. He also contends the trial court erroneously relied upon a letter mentioned during Kawasaki's opening statement and during Shaver's cross-examination, but not introduced in evidence, from Kawasaki to Shaver apparently denying his request to repurchase the motorcycle, but offering to repair it. Shaver further contends that he adequately supported his request for fees and costs and that they should have been granted.

Kawasaki contends, however, that under the Act the trial court has the discretion to award fees or not, and that under the facts of this case, Shaver was not entitled to the fees.

The transcript of the hearing on Shaver's request for fees shows that the trial court did in fact refer to the letter of which Shaver now complains, but that at no time during this hearing did Shaver object to the court's consideration of the letter or point out that the letter had not been introduced in evidence even though he had ample opportunity to do so before the court discussed the letter. Under these circumstances, we find that Shaver's silence induced the trial court's reference to the letter, and that he cannot now complain of a result he aided in causing, because induced error is not an appropriate basis for claiming prejudice. *Green v. Sommers*, 254 Ga. App. 446, 446-447 (1) (562 SE2d 808) (2002) (induced error provides no basis for reversal on appeal); *Wallace v. Swift Spinning Mills*, 236 Ga. App. 613, 617 (2) (511 SE2d 904) (1999) ("It is a well-settled appellate rule that one

cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing.").

At the conclusion of the hearing, the trial court, referring to the letter, stated that "[a]n independent national warranty administrator with Kawasaki advises it was not eligible for repurchase but they would repair the vehicle at no cost," and

> I believe that was the jury's opinion, as well, when they attempted to give the zero verdict for the Plaintiff, and they felt like the Plaintiff should have the vehicle repaired, but that he should not get any money because he could take it to the dealer, any dealer, and it would be repaired at no cost because it was still under warranty. The verdict was then changed to three hundred and eighty-five dollars because the Court was concerned that that was not a legal verdict to have a verdict for the plaintiff in the amount of zero. In view of that, the Court, in its discretion, determines that attorneys' fees would not be appropriate. Thank you.

"The Magnuson-Moss Warranty Act permits the court to exercise its judgment (1) to award no attorney's fees, or (2) to award attorney's fees based on time only, *or* (3) to award attorney's fees pursuant to its *discretion*. Only in the case of clear abuse of discretion by the trier may we interfere." (Citation and punctuation omitted; emphasis in original.) *Sharpe v. Gen. Motors Corp.*, 198 Ga. App. 313, 315 (6) (401 SE2d 328) (1991).

The plain language of the Act gives the trial court the discretion to determine whether an award of attorney fees would be appropriate. Therefore, Shaver was not entitled to the fees merely because he was the prevailing party. Although ordinarily attorney fees should be awarded to the prevailing party, under the particular circumstances of this case, including the jury's first verdict in the case, the trial court did not abuse its discretion by denying Shaver's request. As we find that the trial court did not abuse its discretion in finding that Shaver was not entitled to recover his attorney fees and costs, it was unnecessary for us to consider whether the petition properly supported this request. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MAY 2, 2005.

*Krohn & Moss, Adam Krohn, Amy M. Budow*, for appellant.
*Hawkins & Parnell, Kenneth Sisco*, for appellee.