A07A0224. NEWMAN v. THE STATE.
A07A0225. SMITH v. THE STATE.
(649 SE2d 349)

BARNES, Chief Judge.
In these companion cases, Jefferson Newman and Lisa Smith appeal from their convictions for child molestation on the grounds that the evidence was insufficient and that the trial court erred when it failed to hold a pre-trial hearing on the admissibility of child

hearsay, admitted videotaped interviews of the victim, granted the State and the defendants an equal number of peremptory challenges, and failed to allow the defendants to make final closing argument. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We review a trial court's denial of a defendant's motion for directed verdict of acquittal under the same standard. *Williams v. State*, 237 Ga. App. 814, 815 (1) (515 SE2d 875) (1999).

Viewed in the light most favorable to the jury's verdict, the record shows that after Smith's December 2001 divorce, Smith shared custody of her four-year-old daughter with her ex-husband. On May 12, 2002, while she was taking a bath at her aunt's house, the daughter told the aunt that she had seen her mother and Newman showing their privates to each other and kissing each other. The aunt contacted her brother's divorce attorney, who contacted the sheriff's department. The sheriff then contacted a children's hospital, where the victim told a social worker in a videotaped interview on May 17 that she had seen Newman naked, that he had bathed her, and that she had put "medicine" on his penis. In a second videotaped interview on May 30, the victim told an examining psychologist that Newman had touched the inside of her vagina, that her mother had told her to put "medicine" on Newman's penis, and that she had done so. At trial, the victim, now seven years old, testified that while she was staying at Newman's house, her mother had put some cream on her finger and told her to put the cream on Newman's penis to "make him feel better." The victim testified that she had done so, and that Newman had touched her vagina as well.

1. Newman and Smith argue that the State failed to prove all the elements of its case, including venue, beyond a reasonable doubt. We disagree.

(a) The victim's testimony included the statements that she had been molested at Newman's house and that his house was "on Jefferson Street." A police officer testified that Newman had two residences in Fayetteville, Fayette County: one on Jefferson Avenue and another on Kelley Road. The same officer testified that she served an arrest warrant on Newman at 485 Jefferson Avenue. This evidence was sufficient to prove venue in Fayette County. See *Branesky v. State*, 262 Ga. App. 33, 35 (2) (584 SE2d 669) (2003).

(b) We have reviewed the record, and find that the evidence outlined above was sufficient to support both defendants' convictions for child molestation. See OCGA §§ 16-6-4 (a) (child molestation), 16-2-20 (a), (b) (a person concerned in commission of a crime, including aiding and abetting it, is a party thereto); *Hixon v. State*, 251 Ga. App. 27, 28-29 (1) (553 SE2d 333) (2001) (evidence was sufficient to convict mother for aiding and abetting statutory rape and child molestation of her daughter).

2. Newman and Smith also argue that the trial court erred (a) in refusing to hold a pre-trial hearing to determine whether the audiotaped and videotaped statements were sufficiently reliable; and (b) when it found the videotapes reliable, thus authorizing their admission at trial.

Here, the trial court heard exhaustive argument on whether a hearing should be held and agreed at the conclusion of that hearing to review the videotaped statements for reliability. The defendants told the trial court that its promised review of the videotapes "goes a long way toward meeting our request [for a hearing]," and made no further objection. Finally, the trial court issued a written order admitting the videotaped statements under the criteria laid out in *Newberry v. State*, 184 Ga. App. 356 (361 SE2d 499) (1987). The trial court specifically found that although the victim's audiotaped statement to her aunt was not sufficiently reliable, the videotaped statements were.

(a) Under *Newberry*, a trial court should consider "the atmosphere and circumstances under which [videotaped statements were] made, the spontaneity of the child's statements to the interviewer, and the child's general demeanor." *Newberry*, supra, 184 Ga. App. at 358 (2); see also *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991) (setting out ten topics for consideration concerning reliability). OCGA § 24-3-16 does not require a hearing on reliability, however. *Reynolds v. State*, 257 Ga. 725, 726 (2) (363 SE2d 249) (1988). Here, as in *Reynolds*, "the trial court ultimately found the statements reliable and admitted them and obviously would have done the same following a separate hearing." Id. Any conceivable error arising from this procedure would have been of the defendants' own making, moreover, since they persuaded the trial court to review the videotapes and assured it at the time that this procedure was satisfactory. See *City of Demorest v. City of Baldwin*, 251 Ga. App. 855, 855-856 (554 SE2d 824) (2001) (where court adopts procedure negotiated by parties, neither can complain of court's findings as error on appeal).

(b) "[W]here . . . the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statements of the

witness are admissible." *Gregg*, supra, 201 Ga. App. at 239 (1). Here, the victim was available to testify, did in fact testify, and was available for cross-examination concerning her out-of-court videotaped statements. Although it excluded the audiotape of the victim's conversation with her aunt as insufficiently spontaneous, the trial court admitted the videotapes as sufficiently reliable, and neither Newman nor Smith has shown that the videotapes were the result of coaching.

> To the extent that there may have been any inconsistencies between [the child victim's] trial testimony and her [video]-recorded statement, such conflicts between the statement and the testimony of the child at trial would not necessarily render the former inadmissible, but would rather present a question of credibility of the witness to be resolved by the trier of fact.

(Citation and punctuation omitted.) *Hayes v. State*, 252 Ga. App. 897, 899 (1) (557 SE2d 468) (2001). The trial court did not err when it admitted the videotaped statements. Id.

3. The Georgia General Assembly amended OCGA § 15-12-165, effective July 1, 2005, to provide that "[e]very person accused of a felony may peremptorily challenge nine of the jurors impaneled to try him or her. The state shall be allowed the same number of peremptory challenges allowed to the defendant. . . ." See Ga. L. 2005, p. 20, § 7. The superseded version of the statute had provided that a defendant could peremptorily challenge 12 jurors, with the state allowed "one-half" that number. See OCGA § 15-12-165 (1992); Ga. L. 1992, p. 1981, § 2.

The defendants' case went to trial on August 15, 2005. They argue that the trial court violated the federal and state constitutional prohibition against ex post facto laws when it applied the amended version of OCGA § 15-12-165, thus allowing the State a quantity of peremptory challenges equal to those allowed the defendants. The exercise of peremptory challenges is procedural, however, and not an independent substantive right. See *Barner v. State*, 263 Ga. 365, 367 (4) (434 SE2d 484) (1993). As such, the trial court's application of the amended version of OCGA § 15-12-165 at the time of trial could not have violated any constitutional prohibition against ex post facto laws. See *Stargel v. State*, 210 Ga. App. 619, 620 (2) (436 SE2d 786) (1993) (reducing number of peremptory strikes is not an impermissible application of an ex post facto law).

4. The defendants' assertion that the trial court erred when it denied them concluding argument also lacks merit. Although the

previous version of OCGA § 17-8-71 allowed a defendant who presented no evidence to open and conclude argument, the amended OCGA § 17-8-71, effective on July 1, 2005, provides that "[a]fter the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury," with no exception for cases in which the defendant presents no evidence. See generally *Warren v. State*, 281 Ga. App. 490, 491-493 (2) (636 SE2d 671) (2006) (allowing the State to reserve substantive argument for conclusion under OCGA § 17-8-71 as amended in 2005). Once again, a right to conclude argument is procedural, not substantive. See *Yeomans v. State*, 229 Ga. 488, 492 (4) (192 SE2d 362) (1972). Because no defendant has a vested right in any rule of evidence or procedure, *State v. Levins*, 234 Ga. App. 739, 740 (2) (507 SE2d 246) (1998), the trial court did not err when it enforced the amended version of OCGA § 17-8-71 and denied the defendants' request for concluding argument at their August 2005 trial.

*Judgments affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JULY 6, 2007.

*Cook & Lundy, B. Thomas Cook, Jr.*, for appellant (case no. A07A0224).

*Thomas M. Martin*, for appellant (case no. A07A0225).

*Scott L. Ballard, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.