**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 20, 2017**

# In the Court of Appeals of Georgia

A17A1300. SADLER v. RIGSBY.

BARNES, Presiding Judge.

This is the second appearance of this case in this Court. In *Sadler v. Rigsby*, 338 Ga. App. 549 (790 SE2d 639) (2016), following the denial of his motion for new trial, Benjamin Ryan Sadler appealed the dismissal of his petition to modify custody. This Court agreed with his contention that the trial court erred in denying his request that it issue findings of fact and conclusions of law, and vacated the judgment and remanded the case for further proceedings. Id. at 551 (1). Subsequently, on remand, the trial court issued a second final order denying Sadler's petition to modify custody, in which it included findings of facts and conclusions of law. Sadler appeals, contending that the trial court erred by excluding admissible evidence, improperly restricting witness testimony and by ignoring un-refuted evidence. Sadler also

contends that the trial court erred by refusing to modify child support, and by failing to include in its order the findings of facts ordered by this Court in the previous case.

> A trial court is authorized to modify an original custody award upon a showing of new and material changes in the conditions and circumstances substantially affecting the interest and welfare of the child. Any change in custody is subject to the trial court's discretion based on the best interests of the child. We view the evidence in favor of upholding the trial court's order and will affirm if there is any reasonable evidence to support the decision.

(Citations and punctuation omitted.) *Fifadara v. Goyal*, 318 Ga. App. 196, 197 (733 SE2d 478) (2012).

So viewed, the evidence demonstrates that Sadler and Savannah Shawn Rigsby, who were never married, had a son born in 2009. In May of 2010, the Haralson County Superior Court entered a consent order of legitimization, which included a parenting plan and child support agreement. Included in its terms were that Sadler and Rigsby would share legal custody of the child, Rigsby would have primary physical custody, and Sadler would have liberal visitation. Sadler was also ordered to pay $111 per week in child support based on Sadler's reported gross monthly income of $4360 and Rigsby's gross monthly income of $1261.50. In February 2012, Rigsby filed a petition to modify visitation and child support and motion for contempt,

2

alleging a material change in circumstances affecting the health and welfare of their son and requesting that visitation be modified to address numerous alleged issues, including Sadler's failure to supervise their son and ensure that he attended pre-school. She also requested an increase in child support to $718 per month. In the motion for contempt, Rigsby contended, among other things, that Sadler had failed to pay child support and half of their son's medical bills in violation of the prior consent order.

Following a hearing, the parties reached an agreement as to all of these issues, and on September 21, 2012, the Haralson County Superior Court issued a final consent order and parenting plan, again awarding the couple joint legal custody, Rigsby primary physical custody, Sadler liberal visitation, and ordering Sadler to pay child support in the amount of $900 per month.

On October 1, 2013, Sadler filed the present petition for custody in the Superior Court of Carroll County, where Rigsby and their son now lived. In the petition, Sadler asserted a substantial change in circumstances since the entry of the former order, alleging that Rigsby was interfering with his custody and visitation rights, and alienating him from his son. A final hearing on the petition was held on August 20 and 21, 2015, at the conclusion of which, Rigsby made an oral motion to

dismiss, maintaining that Sadler had failed to meet his burden of demonstrating a material change of condition affecting the child since the last custody award. The trial court agreed, concluding "there's not been a substantial change in condition that would warrant a change in the custody . . . nor in the child support amount," and granted the motion to dismiss. Sadler then requested factual findings and conclusions of law, but the trial court denied the request, and held that the custody provisions in the 2012 Haralson County order were still controlling because there had been "no change." . Sadler filed a motion for new trial, which, following a hearing, the trial court denied.

Sadler appealed the order, and this Court, upon concluding that the trial court had erred in denying Sadler's request for written factual findings and conclusions of law, vacated the order dismissing the petition for custody and remanded the case to the trial court "with direction that the trial court make findings of fact and conclusions of law." *Sadler*, 338 Ga. App. at 551 (1). In the subsequent final order containing findings of facts and conclusions of law, the trial court again dismissed Sadler's petition, and it is from that order that he now appeals.

1. Sadler complains that the trial court refused to abide by controlling law, restricted witness testimony and ignored certain evidence. These claims are meritless.

4

a. Sadler first contends that the trial court erred by ignoring mandatory provisions in Georgia Uniform Superior Court Rule 24.9 related to the Guardian Ad Litem (GAL). He contends that the GAL's dismissal from the proceedings was error, because Rule 24.9 requires, among other things, that the GAL be available to assist the trial court, testify at the proceedings, submit a report into evidence, and be available as a witness. See USCR 24.9 (3)- 4.9 (7).

In this case, although a GAL was appointed, on December 8, 2014, the GAL was released from the case at the parties' request by a temporary consent order. The GAL submitted her report to the trial court for the August 2015 final hearing on Sadler's modification petition, but the trial court ruled that the report would not be admitted into evidence because the GAL had been released from the case and was not available to testify.[1] Sadler maintained that the report was not hearsay, but then acquiesced and agreed, "That's fine, Your Honor. We can proceed without it, and if need be we can get the guardian here." However, Sadler never subpoenaed the GAL to testify and the report was not admitted into evidence.

---

[1] The GAL filed a letter with the trial court prior to trial in which she stated that because her last contact with the child was in September of 2014, almost a year before the trial, she had "no opinion to give the Court about the child's present circumstances or the present custody decision before the Court."

In light of Sadler's agreement to proceed without the report, and failure to avail himself of the GAL's appearance at trial, he "cannot now complain of a result he aided in causing, because induced error is not an appropriate basis for claiming prejudice." *Shaver v. Kawasaki Motors Corp.*, 273 Ga. App. 140, 141(614 SE2d 240) (2005).

b. Sadler next complains that relevant evidence was excluded at the final hearing because the trial court improperly restricted the testimony of his expert by forcing him to testify as a fact witness. The record reveals, however, that later in the hearing, both parties agreed to limit witness testimony to the parties because neither side had been provided a witness list. Thus, the evidence at trial was limited to testimony from the parties. Sadler cannot now complain about the omission of evidence he agreed to exclude. As noted previously, "induced error is not an appropriate basis for claiming prejudice." *Shaver*, 273 Ga. App. at 141. See *Wallace v. Swift Spinning Mills*, 236 Ga. App. 613, 617 (2) (511 SE2d 904) (1999) ("It is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing.") (citations and punctuation omitted).

c. Sadler's contention that the trial court's ruling is against the weight of the evidence is also meritless. On a petition for modification of custody, a trial court must determine whether "there has been a material change of condition affecting the welfare of the child *since the last custody award*." (Citations and punctuation omitted; emphasis supplied.) *Driver v. Sene*, 327 Ga. App. 275, 276 (758 SE2d 613) (2014). The trial court determined that, based on the testimony of the parents presented at trial, which turned primarily on a credibility assessment of Sadler and Rigsby, Sadler had failed to demonstrate a substantial change in conditions necessitating a change in custody. The trial court found that many of Sadler's claims were not supported by any evidence, or outright falsehoods, and it credited the testimony of Rigsby over Sadler's testimony.

The "task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility." (Citation and punctuation omitted.) *Lynch v. Horton*, 302 Ga. App. 597, 601 (4) (692 SE2d 34) (2010). We do not second-guess the trial court in this regard when, as here, there is "any reasonable evidence to support the decision." *Fifadara*, 318 Ga. App. at 197. See *Shields v. Bodenhamer*, 180 Ga. 122, 124 (178 SE 294) (1935) (when "it does not appear that

7

since the former judgment there has occurred any change of circumstance, in view of which the welfare of the child would be enhanced by a revision of the former award with regard to [his] status[,] . . . [t]he court did not err . . . in dismissing the petition.")

Thus, this contention also fails.[2]

2. Sadler also contends that the trial court erred in refusing to modify child support. It should be noted first that a child support modification was not requested in the pleadings; Sadler only requested a modification of custody. Nor did Sadler amend his petition to include a modification of child support. Further, in culling the transcript and record, it does not appear that Sadler requested a downward deviation in his child support during the final hearing, although there was testimony regarding the parties financials, which first arose during testimony about the child's need for extensive dental work and whether Sadler's financial circumstances had changed to preclude his ability to pay for the work.[3]

---

[2] Here, much of Sadler's argument is again premised on the absence of evidence he agreed to exclude as discussed supra in Division 1 (a) and (b). This Court will not review induced error. See *Shaver*, 273 Ga. App. at 141

[3] We have repeatedly held that it is not the function of this court to cull the record on behalf of a party." (Citation and punctuation omitted.) *Reid v. Ga. Blg. Auth.*, 283 Ga. App. 413, 413 (SE2d 642) (2007). And, "if we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with counsel."

Even so, at the conclusion of the final hearing, in addition to its custody determination, the trial court found "no substantial change in condition that would warrant a change. . . in the child support amount." Likewise, the final order stated that "[t]here is no substantial change in income or financial status for either party for the period September 21, 2012 to October 1, 2013." And, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (Citation and punctuation omitted.) *Jackson v. Sanders*, 333 Ga. App. 544, 547 (2) (773 SE2d 835) (2015). See OCGA § 9-11-15 (b).

OCGA § 19-6-15 (k) (1) provides that a parent may seek a modification of a prior child support decision when there is a substantial change in either parent's income and financial status or the needs of the child. Here, although the trial court determined that there was no substantial change in either parties' income from the time of the 2012 final order, this Court directed that on remand, the trial court "make findings of fact and conclusions of law" regarding not only custody but child support. *Sadler*, 338 Ga. App. at 551 (1). "'Findings of fact' are insufficient when they merely state the court's answers to the material issues in the case, and when they contain no

(Citation and punctuation omitted.) Id.

9

facts based on the evidence supporting those answers." *C&H Couriers v. American Mut. Ins. Co.*, 166 Ga. App. 853 (1) (305 SE2d 500) (1983).

Here, given this Court's direction that the trial court issue findings of facts related to it ruling on custody and child support, and the trial court's subsequent failure to do so, we must vacate that portion of the trial court's judgment on the issue of child support and remand the case for further proceedings consistent with this opinion. See OCGA § 9-11-52 (a) (a trial court presiding over a bench trial "shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law.")

*Judgment affirmed in part, vacated in part, and case remanded with direction.*
*McMillian and Mercier, JJ., concur*.