## 68390. CARR v. TOWNS et al.
### (324 SE2d 489)

SOGNIER, Judge.

Dawn McLeroy Carr appeals from the order of the Superior Court of Hall County awarding permanent custody of Carr's seven-year-old son, David Glynn McLeroy, to Mrs. Ruth Barnes Towns, the child's paternal grandmother. Custody of the child had been awarded to the father after the parents' divorce, but the death of the father in an automobile accident in 1983 reopened the issue of custody.

1. Appellant contends the trial court erred by applying an incorrect legal standard for determining custody between a parent and a third-party and that the evidence was insufficient under the correct standard to support the trial court's award of custody to appellee. The record does not support appellant's contention that the trial court applied an incorrect standard. However, we agree with appellant that the evidence was insufficient to support the award of custody to appellee and we reverse.

"The law is clear that when the custodial parent dies, custody of the minor child vests in the surviving natural parent unless that parent's rights have been lost or the parent is presently unfit. *Spires v. Lance,* 167 Ga. App. 331 (1) (306 SE2d 317) (1983)." *Spires v. Bittick,* 171 Ga. App. 914, 916 (321 SE2d 407) (1984); *Canning v. Evans,* 250 Ga. 85 (295 SE2d 741) (1982). Evidence was presented concerning an agreement between appellant and her former husband, in which appellant relinquished her parental rights in the child in return for payment by her former husband. The agreement was undated but was apparently executed prior to appellant's enlistment in 1981 in the

United States Army. "[E]vidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present* unfitness is required. [Cits.]" *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982).

Evidence of present unfitness consisted of two contacts between appellant and the child, one at the hospital after the father's death, in which appellant engaged in kissing her child in a manner allegedly inappropriate and improper, and the other at the father's funeral, at which appellant allowed the child to view and to touch her breasts. Appellant testified about the kissing episode that the child had "a tendency to pick things like that up from his Daddy," and that when the child behaved in that manner she would correct him and explain he could not do "stuff" like that. She further testified that the incident at the funeral was not an intentional touching but that the child had placed his hands under her blouse and sweater because his hands were cold.

The trial court also considered as evidence of present unfitness a psychological evaluation of appellant which stated that appellant "does not appear to be ready for the full responsibility of custody for her son" due to factors such as immaturity in her "analysis of situations which might be encountered in her own life," her "relatively weak" social judgment, and her "ability to ignore situations which are nevertheless significant and important to face." That same psychological evaluation found appellant to be "a personable and likeable young woman" who is "warm and accepting," who has "modified her life style to include a second marriage and a second child," and who has an "understandable" desire to include her first child in her new family.

When a third party sues the custodial parent for the custody of a minor child, the parent is entitled to custody of the child unless the third party shows the present unfitness of the parent by clear and convincing evidence. *Blackburn*, supra at 692. The "appropriate standard of appellate review *in a case where a parent's rights to his child have been severed* is 'whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.' This standard of review safeguards the high value society places on the integrity of the family unit and helps eliminate the risk that a factfinder might base his determination 'on a few isolated instances of unusual conduct [or] . . . idiosyncratic behavior.' [Cit.]" (Emphasis supplied.) *Blackburn*, supra at 694. From our review of the record and applying the proper appellate standard, we do not find clear and convincing evidence sufficient to enable a rational trier of fact to conclude that appellant-natural

mother is unfit or that her parental rights have been lost. See *Spires v. Bittick,* supra.

2. Appellant contends the trial court erred by denying her motion to dismiss the custody petition on the ground of inconvenient forum under OCGA § 19-9-47. OCGA § 19-9-43 (a) (1) (A) establishes jurisdiction over child custody matters in a court of this state where Georgia is the home state of the child at the time of commencement of the proceeding. It is uncontroverted that Georgia was the home state of the child at such time. OCGA § 19-9-47 (a) provides that a court with jurisdiction *may* decline to exercise its jurisdiction if it finds that it is an inconvenient forum and that a court of another state is a more appropriate forum. OCGA § 19-9-47 (c) lists five factors which *may* be taken into account by the court in determining if it is an inconvenient forum. In this case, Georgia is the child's home state and no other state has a closer connection with the child; no other forum was agreed upon by the parties; and no other litigation has been initiated in another state so that the purposes of OCGA § 19-9-41 are not being contravened. Further, the alleged improper actions with which appellee sought to prove the present unfitness of appellant occurred within Georgia. The decision to retain jurisdiction in Georgia under the Uniform Child Custody Jurisdiction Act (OCGA § 19-9-40 et seq.) was not clearly wrong, and will therefore be affirmed. See *Fortson v. Fortson,* 152 Ga. App. 326, 327 (3) (262 SE2d 599) (1979).

3. Our holding in Division 1 renders it unnecessary for us to consider appellant's remaining enumerations of error.

*Judgment reversed in part, affirmed in part. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED NOVEMBER 6, 1984 —
REHEARING DENIED NOVEMBER 21, 1984

*John E. Girardeau,* for appellant.
*Sam S. Harben, Jr., Robert W. Lawson, Jr.,* for appellees.