#### 72446. JORDAN v. JORDAN.
(345 SE2d 675)

DEEN, Presiding Judge.

This court granted a discretionary appeal in the case *sub judice* for the purpose of determining the propriety of the Putnam County Superior Court's ordering a change in the custody of the parties' minor child from appellant-mother to appellee-father, purportedly on the basis of a material change of conditions affecting the child's welfare and best interests.

The parties were awarded a divorce in May of 1981 by the Superior Court of Dade County, Florida, where they resided at that time. The mother was an Eastern Air Lines flight attendant, and the father was practicing veterinary medicine as a member of the staff of a veterinary clinic. Between two and three years prior to initiation of the action below, appellant, at the former husband's urging, arranged a transfer to the airline's Atlanta base so that she could live in Eatonton, Georgia, the father's hometown, where there would be the simultaneous advantages of her mother-in-law's baby-sitting assistance while appellant was on extended flight duty, and maximum visitation opportunities for the father while he was off from his job on week-

ends. The arrangement was that while appellant was on duty for three or sometimes four consecutive days, the child would live in the grandmother's house, and during the mother's consecutive days off, he would live with the latter. In order to make the arrangement work, the mother was required to drive a round trip of more than two hundred miles each time she commuted between Eatonton and the Atlanta airport.

As of the autumn of 1985, appellee obtained a job with the State of Georgia which would enable him to live in Eatonton and to be at home every night of the week. He thereupon petitioned for a change in custody, seeking either joint or sole custody of the child. He alleged that his forthcoming move and his plan to reside with or near his mother constituted a material change of circumstances that would cause a change of custody to be in the child's best interest because the boy would allegedly have a "regular and wholesome schedule" if he lived in only one house instead of alternating between his mother's and his grandmother's. The mother opposed the petition, stating that she had considered moving to Atlanta, where she could work "turn-around" flights during school hours, and where her own parents could baby-sit; but that she had not done so because this would make visitation more difficult for the father.

The transcript of the hearing reveals that the court appeared to have been primarily concerned with the desirability of the child's having "a regular schedule" and that this consideration was apparently the basis of his decision to grant custody to appellee father. The transcript further reveals that, while the court orally recited the "best interests of the child" standard, he manifestly skirted, or left open, the question of whether a material change of conditions, in the sense contemplated by the relevant statutory and case law, had actually occurred. See OCGA § 19-9-3 and Annots. See also *Blackburn v. Blackburn*, 168 Ga. App. 66 (308 SE2d 193) (1983), which requires, at 71, "reasonable evidence" of a material change of conditions affecting the child's welfare, in order to justify changing custody from one parent to the other. The court prepared no written findings of fact or conclusions of law but entered an order changing custody from mother to father, with visitation rights to the former. The basis of the determination was stated in a somewhat circular and conclusory manner, as follows: "[I]t was to the best interests of the said minor child that the petition for change of custody be granted, since the Court felt on the basis of all the evidence that such a holding was in the best interests of said minor child. . . ."

Appellant enumerates as error the following: (1) the trial court's modifying the existing custody award without evidence of a material change in conditions; (2) the court's basing his order solely on "best interest of the child" without first establishing that a material change

in conditions had occurred; (3) the court's failure to make findings of fact; and (4) the court's making a custody determination prematurely, after what was originally scheduled as an interlocutory, or *rule nisi*, hearing. Appellee contends that the first three enumerations are groundless or, at worst, constitute amendable defects appearing on the face of the record; and that, by participating in the hearing without objection, appellant waived the right to make the fourth enumeration. *Held*:

1. OCGA § 9-11-52 (a) mandates the preparation of written findings of fact and conclusions of law "[i]n all actions in Superior Court tried upon the facts without a jury, except actions involving only *uncontested* divorce, alimony, and custody of minors . . ." (Emphasis supplied.) It has been expressly held that this requirement applies to contested child custody cases. In *Coleman v. Coleman*, 238 Ga. 183 (232 SE2d 57) (1977), the Georgia Supreme Court held at 184: "We hold that findings of fact and conclusions of law must be made by the trial judge and must be included in the record of . . . contested custody cases. We vacate the judgment and remand with direction that the trial judge enter appropriate findings of fact and conclusions of law in the record of this case with leave to the adversely affected party to file a new appeal within 30 days of the trial court's final order." Accord *Motes v. Stanton*, 237 Ga. 440 (228 SE2d 831) (1976); *Githens v. Githens*, 234 Ga. 715 (217 SE2d 291) (1975); *Avery v. Avery*, 234 Ga. 729 (218 SE2d 19) (1975).

The record of the instant case reveals that the court below prepared no findings of fact or conclusions of law and, further, that the case was hotly contested. The preparation of written findings of fact and conclusions of law is mandatory. *Githens v. Githens*, supra. We remand this case to the Putnam County Superior Court for the preparation of findings of fact and conclusions of law.

2. Having found it necessary to remand this case, we do not reach appellant's remaining enumerations of error.

*Judgment reversed; case remanded with direction. Beasley, J., concurs. Benham, J., concurs in the judgment only.*

DECIDED MAY 21, 1986.

*H. Fredrick Mullis, Jr.*, for appellant.
*George D. Lawrence*, for appellee.