77046. DOE et al. v. CHAMBERS.
(374 SE2d 758)

POPE, Judge.
This appeal arises from adoption proceedings initiated by appellants John and Jane Doe. Pursuant to a written agreement in which the unwed biological mother relinquished her parental rights, the baby girl, who was born on February 16, 1987, was delivered to the Does on March 2, 1987. The Does filed a petition for adoption on March 25, 1987 and on April 20, 1987 appellee Clint Chambers, as natural father of the child, filed a petition to legitimate her. The Does filed an objection to the legitimation and a motion to intervene, which was granted, and a hearing was set. Upon the grant of the Does' motion to bifurcate the hearing in order for the question of Chambers' "opportunity interest" to be determined first, a hearing on that issue was scheduled for October 5, 1987, at which time it was stipulated that, based on the results of a human leucocyte antigen (HLA) blood test, Chambers was the biological father of the child. On October 8, 1987, the superior court issued an order finding that Chambers had not abandoned his opportunity interest to develop a relationship with his child and was entitled to pursue his legitimation petition.

A parental fitness hearing was held over a three-day period in January 1988. In the course of the fitness hearing the trial judge informed counsel for both parties that he was reconsidering his findings in the opportunity interest hearing and might reverse his decision, based on changes in the testimony of witnesses from that previously given. However, at the close of the testimony the court stated that

there had not been sufficient evidence to cause him to change his decision that Chambers had not abandoned his opportunity interest. In ruling on the question of Chambers' fitness, the judge noted that if the issue to be determined was the best interests of the child, his decision would be simple to make; but that under *In re Baby Girl Eason*, 257 Ga. 292 (358 SE2d 459) (1987), it was not a question of whether the Does were more qualified to raise the child, but whether Chambers was unfit to do so. The court concluded that Chambers had had problems and was "not a perfect parent," but that there had been no showing of his present unfitness to have custody of his own child. The court then ruled that Chambers was entitled to legitimate the child and ordered that he be given immediate custody. The Does appeal. *Held*:

1. After careful review of the transcripts of both hearings and the depositions of the parties and witnesses, we conclude that there are no grounds for reversal. While there are contradictions and inconsistencies in the evidence, the trial court conducted the proceedings with impeccable regard for the standards established in *In re Baby Girl Eason*, supra. There was evidence to sustain Chambers' position that he never knew the mother was pregnant and did not learn of his daughter's birth until some two months after the fact; and that he then vigorously pursued his opportunity interest to establish his parental relationship. Once the determination had been made that Chambers did not abandon this interest, the court correctly heard evidence as to his fitness to be the child's custodial parent. "[A] fit biological father who pursues his interest in order to obtain full custody of his child must be allowed to prevail over strangers to the child who seek to adopt." *Eason*, 257 Ga. at 296. Thus, in circumstances such as this one, the court does not apply the best interests of the child standard. If the father "has not abandoned his opportunity interest, the standard which must be used to determine his right to legitimate the child is his fitness to have custody of the child." Id. at 297.

"In such a case, the parent is entitled to custody of the child unless the third party shows by 'clear and convincing evidence' that the parent is unfit or otherwise not entitled to custody under [statutory provisions not at issue here]. Additionally, evidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present* unfitness is required. [Cits.]" *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982). Although Chambers' past lifestyle was far from exemplary, it was not atypical of many restless young people, and at the age of twenty-two he appears ready and able to assume his parental responsibilities. Accordingly, reviewing the evidence in the light most favorable to the appellee, we conclude that a rational trier of fact could not have found by clear and convincing evidence that Cham-

bers' rights to custody have been lost. Accord *In re S. E. H.*, 180 Ga. App. 849 (350 SE2d 833) (1986); *Carr v. Towns*, 172 Ga. App. 691 (1) (324 SE2d 489) (1984).

2. We cannot agree with appellants' contention that the trial court's failure to make detailed written findings of fact and conclusions of law as required under OCGA § 9-11-52 (a) in all contested child custody cases mandates remand to the trial court and leave to file another appeal. See *Jordan v. Jordan*, 179 Ga. App. 155 (1) (345 SE2d 675) (1986). Formerly in non-jury trials this statute was held to be mandatory in requiring "findings of fact and conclusions of law in contested divorce, contested alimony and contested custody of children actions." *Githens v. Githens*, 234 Ga. 715, 716 (217 SE2d 291) (1975). However, as rewritten by the enactment of Ga. L. 1987, p. 1087, § 1, which is controlling here, OCGA § 9-11-52 (a) now requires separate specific findings of fact and conclusions of law in non-jury trials *only* "upon request of any party made prior to such ruling, . . ." Subsection (c) provides, *inter alia*, that "[w]hen findings or conclusions are not made prior to judgment to the extent necessary for review, failure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof." (Ga. L. 1987, p. 1057, § 1). Appellants neither requested separate written findings and conclusions prior to the court's ruling, as required by subsection (a) as now amended, nor moved therefor after judgment pursuant to subsection (c). Thus, while more specific written findings are often preferable, by their silence appellants have waived any objections at this time.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 4, 1988 —
REHEARING DENIED OCTOBER 21, 1988 

*Richard L. Moore, Rebecca Walton-McFalls*, for appellants.
*William E. Brewer*, for appellee.