## S98A0348. GRANTHAM v. GRANTHAM.
(499 SE2d 67)

BENHAM, Chief Justice.

In December 1995, appellee Margaret Grantham filed a complaint seeking custody of her two-year-old granddaughter, alleging that her daughter and the child's mother, appellant Joyce Grantham, was not a fit and proper person to have custody of the child and that the best interest and welfare of the child required that legal custody of the child be given the grandmother. The Superior Court of Coffee County awarded custody of the child to the grandmother in March 1996, but that judgment was vacated by the Court of Appeals and the case remanded to the trial court because no sworn testimony had been given and there was no evidence to support the trial court's action. *Grantham v. Grantham*, 224 Ga. App. 1 (479 SE2d 370) (1996). Upon receipt of the remittitur in January 1997, the trial court held a hearing at which sworn testimony was given on the grandmother's petition for custody.

During the pendency of the grandmother's petition for custody of her granddaughter, there went into effect a 1996 legislative enactment governing the award of custody of a child in an action between the child's parent and other statutorily-specified relatives. Effective April 2, 1996, and applicable to all actions then pending, OCGA § 19-7-1 (b.1) authorizes a trial court, in the exercise of its discretion, to award custody of a child to a third-party relative, i.e., a relative who is not a parent of the child, should the trial court determine that the child's best interests and the best promotion of the child's welfare and happiness would be served by awarding custody of the child to the third-party relative instead of to the child's parent. Ga. L. 1996, p. 412, § 1.[1]

In July 1997, the trial court issued another order awarding custody of J. L. G., by then nearly five years old, to her maternal grandmother. The trial court's seven-paragraph order contained five paragraphs devoted to a recitation of undisputed facts, i.e., the identification of the parties and their legal relationship to the child, and the procedural history of the case. Another paragraph stated that "[t]he best interest and welfare of the child requires that she be removed permanently from the custody of [the mother] and placed with the [grandmother]," and the final paragraph stated that the trial court found it in the child's best interests for the grandmother to have custody and that because the mother was not a fit and proper person to have custody, custody was awarded the grandmother. In essence, it appears that the trial court found it to be in the child's

---

[1] There is a rebuttable presumption contained in the statute that it is in a child's best interest that custody be awarded to the child's parent or parents.

best interest that custody be awarded to the grandmother *and* that the mother was not a fit and proper person to have custody of the child. The brevity of the custody order issued by the trial court and the confusing apparent application of two standards of law caused the child's mother to ask the trial judge to supplement the custody order so as to "find the facts specially and . . . state separately [the court's] conclusions of law." OCGA § 9-11-52. The appellate record does not reflect that the trial court amended its order.[2]

We granted the mother's application for discretionary review of the trial court's action, expressing interest in the sufficiency of the evidence to support the custody award; whether the trial court abused its discretion in failing to make detailed findings of fact and conclusions of law; and the constitutionality of OCGA § 19-7-1 (b.1).

1. Appellant reads the trial court's custody order as applying the "best interest of the child" standard authorized by newly-enacted OCGA § 19-7-1 (b.1), and argues that the award of custody based on the new statute should be reversed because the new statute is unconstitutional. Appellant also contests the trial court's failure to grant appellant's post-judgment motion and clarify its findings of fact and conclusions of law. Findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, and enable the appellate court to review the judgment adequately and promptly. *Brown v. Brown*, 237 Ga. 201, 202 (227 SE2d 360) (1976). The trial court's order contains potentially conflicting conclusions of law and no findings of fact to substantiate either one, thereby precluding an intelligent review of the merits of the appeal. *Motes v. Stanton*, 237 Ga. 440, 441 (228 SE2d 831) (1976). Since appellate review of the custody order is impossible and appellant did timely petition the trial court pursuant to OCGA § 9-11-52 to provide the essential findings of fact and conclusions of law necessary to enable appellate review, we vacate the trial court's judgment and remand the case with direction that the trial court grant appellant's motion for findings of fact and conclusions of law and supplement its current order with findings which will allow meaningful appellate review of the decision.

2. In light of the incomplete nature of the order being appealed and of the well-established precept of appellate practice that a reviewing court will decide a case on constitutional grounds as a matter of last resort (*Cross v. State*, 225 Ga. 760 (1) (171 SE2d 507) (1969); *Hill v. Busbia*, 217 Ga. 781, 782 (125 SE2d 34) (1962)), it is

---

[2] Because appellant was required to file her application for discretionary review within 30 days of the trial court's custody order (OCGA § 5-6-35 (d)), the trial court may have not acted on appellant's request for clearer findings of fact and conclusions of law because it believed itself divested of jurisdiction.

not necessary that we address at this time the constitutionality of OCGA § 19-7-1 (b.1).

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED MAY 4, 1998.

*William R. Lawrence, Vicky O. Kimbrell, Phyllis J. Holmen, Lisa J. Krisher,* for appellant.

*Keith H. Solomon, Starling & Starling, Donald A. Starling, Kutner & Bloom, Jeanney M. Kutner,* for appellee.

*David A. Webster, Bondurant, Mixson & Elmore, Lynn M. Adam, Victoria A. Embs, Phyllis V. Harris, Terry D. Jackson,* amici curiae.