*John T. Croley, Jr.*, for appellee.

## A99A1713. BONDS v. BONDS.
### (527 SE2d 215)

JOHNSON, Chief Judge.

Brendalyn Bonds filed an application for discretionary appeal from an order of the trial court modifying child custody. We granted her application primarily to address her argument that the trial court erred in failing to include in its order any findings of fact. This enumeration, as well as others raised, is without merit.

1. The trial court did not err in failing to make specific findings of fact. Under former law, it was mandatory in a contested child custody case for the trial judge to include findings of fact in its final order. See *Haralson v. Moore*, 236 Ga. 131, 133 (3) (223 SE2d 107) (1976); *Githens v. Githens*, 234 Ga. 715 (217 SE2d 291) (1975); *Jordan v. Jordan*, 179 Ga. App. 155, 157 (1) (345 SE2d 675) (1986). In fact, where the trial judge neglected to make such findings, we remanded the case for the entry of such findings. See *Haralson*, supra; *Githens*, supra.

In 1987, however, the legislature amended OCGA § 9-11-52 (a). Under the amended statute, entry of findings of fact became mandatory only upon request by a party. OCGA § 9-11-52 (a); *Poor v. Leader Fed. Bank*, 221 Ga. App. 889 (1) (473 SE2d 563) (1996); *Doe v. Chambers*, 188 Ga. App. 879, 881 (2) (374 SE2d 758) (1998). The record in this case does not show that any party requested that the trial court enter findings of fact. Therefore, the failure to do so was not error. See *Burks v. First Union Mtg. Corp.*, 209 Ga. App. 41 (1) (432 SE2d 822) (1993); *Doe*, supra.

2. There being no transcript of the proceedings or statutorily authorized substitute, we must presume that the evidence supported the trial court's ruling. *Marshall v. SDA, Inc.*, 234 Ga. App. 312, 313 (3) (506 SE2d 661) (1998); *Goodman v. Lake Buckhorn &c.*, 224 Ga. App. 765 (3) (481 SE2d 882) (1997). Accordingly, the remaining enumerations are without merit.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 9, 1999.

*Josephine B. Jones*, for appellant.
*Lawson & Sippel, John A. Lawson*, for appellee.