**THIRD DIVISION**
**DILLARD, J.**
**MCFADDEN and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.** **http://www.gaappeals.us/rules**

**March 23, 2016**

# In the Court of Appeals of Georgia

A15A1716. WARREN v. SMITH.

RICKMAN, Judge.

Mark Warren appeals from the final order entered on a complaint he filed against Melissa Smith, seeking a modification of custody of their minor child and a modification of child support. Pursuant to a judgment and decree of divorce, Warren and Smith were awarded joint legal custody and joint physical custody of the child. Warren challenges the trial court's failure to find sufficient grounds to warrant a change in custody and to award him primary physical custody of the child, and he contends that the trial court abused its discretion by failing to make specific findings of fact and conclusions of law to support its judgment after he had requested the court

to do so.[1] For the following reasons, we vacate the judgment to the extent that it denies Warrren's request for modification of custody, and we remand the case to the trial court.

"A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child." (Citations and punctuation omitted.) *Lynch v. Horton*, 302 Ga. App. 597, 600 (4) (692 SE2d 34) (2010); see *Daniel v. Daniel*, 250 Ga. App. 482, 483-484 (2) (552 SE2d 479) (2001) (once a divorce decree has been approved and a permanent child custody award has been entered, the test for use by the trial court in change of custody suits is whether there has been a change of condition affecting the welfare of the child). The trial court may consider a variety of relevant factors in determining the best interest of the child. See OCGA § 19-9-3 (a) (3).

---

[1] Warren does not appeal the judgment to the extent that it modifies child support.

2

At the end of the bench trial[2] in this case, Warren's counsel stated on the record that he "would like to ask before the evidence closes that there be specific findings of fact and conclusions in this case. I don't think I have ever asked for that before but I think this would be good." The trial court replied: "Let's hope this is the last time. It just means I have to work harder but you have the right to ask."

The trial court, in its order, failed to make any findings of fact and conclusions of law concerning Warren's request for modification of custody. In that regard, the court merely determined: "The Court does not find sufficient grounds warranting a change in custody[.]" In a footnote, the court stated that Warren had "requested that the court make written findings of fact, but subsequently withdrew that request by e-mail message received January 27, 2015, a copy of which is attached." But no such e-mail was attached to the order, we found no such e-mail in our review of the appellate record, and in his appeal brief, Warren denies having withdrawn his request for findings of fact and conclusions of law.

---

[2] See OCGA § 19-9-3 (a) (2) ("The judge hearing the issue of custody shall make a determination of custody of a child and such matter shall not be decided by a jury.").

3

Pursuant to Chapter 9 of Title 19 of the Official Code of Georgia which governs child custody proceedings, in all cases in which the custody of any child is at issue between the parents, the following pertinently applies:

> If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody *shall* set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge as set forth in paragraph (3) of this subsection. Such order shall set forth in detail why the court awarded custody in the manner set forth in the order. . . .

(Emphasis supplied.) OCGA § 19-9-3 (a) (8). Moreover, pursuant to OCGA § 9-11-52 (a) of the Civil Practice Act, "in all nonjury trials in courts of record, the court *shall* upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law." (Emphasis supplied.) The Supreme Court of Georgia has held that, for the purposes of statutory construction, the word "shall" is to be generally construed as a mandatory directive. See *Lewis v. State*, 283 Ga. 191, 194 (3) (657 SE2d 854) (2008); *S. Crescent Newspapers L. P. v. Dorsey*, 269 Ga. 41, 45 (3) (497 SE2d 360) (1998); *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993) ("shall" is generally construed as a mandatory directive); and see *Bonds v. Bonds*, 241 Ga. App. 378 (1) (527 SE2d 215) (1999) (pursuant to

4

OCGA § 9-11-52 (a), entry of findings of fact are mandatory upon request by a party); *Doe v. Chambers*, 188 Ga. App. 879, 881 (2) (374 SE2d 758) (1988) (determining that OCGA § 9-11-52 (a) "*requires* separate specific findings of fact and conclusions of law in non-jury trials only upon request of any party made prior to such ruling[.]") (punctuation omitted; emphasis supplied).

In this case, the appellate record clearly reflects that Warren requested the trial court to make findings of fact and conclusions of law, and the law mandates that he was entitled to them. "Findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, and enable the appellate court to review the judgment adequately and promptly." (Citation omitted.) *Grantham v. Grantham*, 269 Ga. 413, 414 (1) (499 SE2d 67) (1998). Warren denies that he withdrew his request, and the record fails to show otherwise. Therefore, we hereby vacate the trial court's judgment to the extent it denies Warren's request for a modification of custody, and we remand the case to the trial court for further proceedings not inconsistent with this opinion. See generally id. (in child custody dispute, judgment of the trial court vacated and case remanded where appellant timely petitioned the trial court pursuant to OCGA § 9-11-52 to provide findings of fact and conclusions of law and trial court failed to provide such). Compare *Weickert v.*

*Weickert*, 268 Ga. App. 624, 629 (2) (602 SE2d 337) (2004) (in a child custody modification action, the trial court was not required to include specific findings of fact in its written order because neither party requested that the court do so, as provided in OCGA § 9-11-52 (a)); *Doe*, 188 Ga. App. at 879 (2).

*Judgment affirmed in part, vacated in part, and case remanded. Dillard and McFadden, JJ., concur*.

6