**FIFTH DIVISION
PHIPPS, P. J.,
DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 19, 2016**

# In the Court of Appeals of Georgia

A16A1243. SADLER v. RIGSBY.

PHIPPS, Presiding Judge.

Benjamin Ryan Sadler petitioned the trial court to modify the custody and support order regarding his son. Following a hearing, the trial court dismissed Sadler's petition. Sadler appeals from the denial of his motion for new trial. He contends, inter alia, that the trial court erred in denying his request that it issue findings of fact and conclusions of law. We agree. Accordingly, we vacate the judgment and remand the case for further proceedings consistent with this opinion.

Viewing the evidence in the light most favorable to the trial court's decision,[1] it shows that Sadler and Savannah Shawn Rigsby had a son born in 2009. Sadler and

---

[1] See *Driver v. Sene*, 327 Ga. App. 275, 276 (758 SE2d 613) (2014) ("When considering the appeal of a child custody decision, we view the evidence in the light most favorable to the trial court's decision.") (citation omitted).

Rigsby were never married, and Sadler legitimated the child in 2010. In 2012, the Haralson County Superior Court issued a final consent order and parenting plan, awarding Rigsby primary physical custody and ordering Sadler to pay child support. Sadler filed the instant petition in October 2013 in the Superior Court of Carroll County seeking primary physical custody.

At the close of the hearing on Sadler's petition for modification, Rigsby made an oral motion to dismiss the petition on the basis that Sadler had not shown a substantial change in circumstances warranting modification of custody or child support. The trial court stated that it would grant the motion. Sadler then requested that the trial court issue findings of fact. The trial court denied the request as untimely, stating, "You're supposed to request findings of fact and conclusions of law at the start of the hearing." In its final order, the trial court made no findings of fact or conclusions of law.

1. Sadler contends that the trial court erred in refusing his request, pursuant to OCGA § 9-11-52, for findings of fact and conclusions of law.

The interpretation of a statute is a question of law, which we review de novo.[2]

---

[2] See *Expedia, Inc. v. City of Columbus*, 285 Ga. 684, 689 (4) (681 SE2d 122) (2009).

OCGA § 9-11-52, which is part of the Civil Practice Act, provides:

> (a) In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling,[3] find the facts specially and shall state separately its conclusions of law. . . .

> (b) This Code section shall not apply to actions involving uncontested divorce, alimony, and custody of minors, nor to motions except as provided in subsection (b) of Code Section 9-11-41 [governing involuntary dismissals].[4]

"The Supreme Court of Georgia has held that, for the purposes of statutory construction, the word 'shall' is to be generally construed as a mandatory directive."[5]

---

[3] See *Payson v. Payson*, 274 Ga. 231, 234 (2) (552 SE2d 839) (2001) (for purposes of OCGA § 9-11-52, a trial court's "ruling" is synonymous with its judgment, not its oral pronouncement).

[4] Under the former law, "it was mandatory in a contested child custody case for the trial judge to include findings of fact in its final order." *Bonds v. Bonds*, 241 Ga. App. 378 (1) (527 SE2d 215) (1999). See also *Githens v. Githens*, 234 Ga. 715 (2) (217 SE2d 291) (1975) (interpreting former section 81A-152 (a)). "In 1987, however, the legislature amended OCGA § 9-11-52 (a). Under the amended statute, entry of findings of fact became mandatory only upon request by a party." *Bonds*, supra (citations omitted).

[5] *Warren v. Smith*, 336 Ga. App. 342, 344 (785 SE2d 25) (2016) (citations omitted).

Sadler undoubtedly made his request for findings of fact and conclusions of law prior to the trial court's ruling. Thus his request was timely pursuant to OCGA § 9-11-52.[6]

Rigsby, however, argues that, under the plain language of the statute, OCGA § 9-11-52 does not apply to *any* custody cases. But Rigsby's argument is not persuasive. In *Grantham v. Grantham*, the Supreme Court of Georgia held that the trial court erred in failing to issue findings of fact and conclusions of law pursuant to OCGA § 9-11-52 in a contested custody case.[7]

Rigsby argues that findings of fact are available in custody cases pursuant only to OCGA § 19-9-3 (a) (8) and that Sadler was not entitled to such findings because he failed to request findings on or before the close of evidence. After *Grantham* was decided, OCGA § 19-9-3 was amended to add paragraph (a) (8).[8] OCGA § 19-9-3 (a) (8) provides:

> [i]f requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody

---

[6] See *Payson*, supra at 235 (2).

[7] 269 Ga. 413, 414 (1) (499 SE2d 67) (1998).

[8] See Ga. L. 2007, p. 565, § 5. *Grantham*, supra, was decided in 1998.

shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody . . . Such order shall set forth in detail why the court awarded custody in the manner set forth in the order and, if joint legal custody is awarded, a manner in which final decision making on matters affecting the child's education, health, extracurricular activities, religion, and any other important matter shall be decided.

However, following the enactment of OCGA § 19-9-3 (a) (8), Georgia courts have continued to apply OCGA § 9-11-52 to contested family law matters, including child custody cases.[9]

"[W]here, as in this proceeding, a party makes a timely request pursuant to OCGA § 9-11-52 (a), the court shall upon the request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law."[10] The

---

[9] See *Arthur v. Arthur*, 293 Ga. 63, 64, n. 1 (1) (743 SE2d 420) (2013) (noting that husband in divorce and custody case had requested finding of fact under OCGA § 9-11-52, but not OCGA § 19-9-3 (a) (8)); *Warren*, supra at 344 (noting that findings of fact and conclusions of law are mandatory upon a timely request of a party in a custody case under both OCGA §§ 9-11-52 and 19-9-3 (a) (8)). See generally OCGA § 19-5-8 ("The same rules of pleading and practice applicable to ordinary civil actions shall apply to actions for divorce, alimony, and custody of minor children, except as otherwise specifically provided in this chapter [regarding divorce proceedings].")

[10] *Arthur*, supra at 65 (2) (punctuation omitted).

trial court's failure to do so here was erroneous.[11] "Findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, and enable the appellate court to review the judgment adequately and promptly."[12]

Because the trial court erred in denying Sadler's timely request pursuant to OCGA § 9-11-52 to issue findings of fact and conclusions of law, we vacate the trial court's judgment dismissing Sadler's motion for modification of custody and support and remand the case with direction that the trial court make findings of fact and conclusions of law.[13]

2. Sadler also argues that the trial court erred in failing to consider the report or testimony of the guardian at litem ("GAL") prior to dismissing his petition for modification and in refusing to modify his child support obligation. Given our disposition of this case, we do not reach these arguments.

---

[11] See id. at 65-66 (2) (a) (trial court erred in failing to issue findings of fact and conclusions of law regarding the equitable division of marital property). See also *Grantham*, supra; *Warren*, supra.

[12] *Grantham*, supra (citation omitted).

[13] See id. (vacating judgement and remanding custody case for trial court to make findings of fact and conclusions of law). See also *Arthur*, supra; *Payson*, supra; *Warren*, supra.

*Judgment vacated and case remanded with direction. Dillard and Peterson, JJ., concur.*