**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 13, 2022**

# In the Court of Appeals of Georgia

A22A0080. IN RE: ESTATE OF T. M. N., A MINOR CHILD.

REESE, Judge.

In November 2020, Quanda Jessie, as conservator for the estate of T. M. N. (a minor child), filed a timely notice of appeal[1] from an October 2020 order of the Probate Court of Richmond County, which, inter alia, ruled that an inventory asset management plan for a minor's estate was not approved. After the notice of appeal was filed, the probate court entered an order in January 2021, ruling on Jessie's motion for reconsideration. For the reasons set forth infra, we vacate both the January 2021 and October 2020 orders, and remand for further proceedings.

---

[1] See OCGA § 5-6-38 (a). Jessie appealed to the Supreme Court of Georgia, which concluded that the appeal did not invoke that Court's jurisdiction over constitutional questions and transferred the case to this Court.

The relevant procedural history is undisputed. Jessie, who is also T. M. N.'s sole surviving natural guardian, has served as the conservator of his estate since 2016, when T. M. N. was nine years old. Jessie filed an inventory of T. M. N.'s estate and asset management plan, which listed as the main asset of the estate a recovery on a wrongful death action. In addition, the plan reported that T. M. N. had monthly social security income (considered as replacement of support from T. M. N.'s deceased father).

Jessie filed updated plans and annual returns. In the 2020 plan, Jessie requested to spend T. M. N.'s monthly social security income, as well as the interest income on the estate's investment account, for the estimated expenses for T. M. N.'s care, support, health, and education.

In a single-page order, entered on October 30, 2020, the probate court ordered that the plan was not approved "because [Jessie] wants to use the assets of [T. M. N.] to pay obligations imposed by law upon [T. M. N.'s] parent." The probate court took judicial notice of the fact that T. M. N. was receiving social security benefits, which were designed to offset the loss of income of a deceased parent and could be used to pay obligations normally imposed by law on a minor's parent. However, the court ordered Jessie to use those benefits to first pay bills directly associated with the

conservatorship, such as attorney fees, bonds, and commissions due to the conservator. Jessie was ordered not to use any other assets of T. M. N. without court permission.

Twenty days later, on November 19, 2020, Jessie filed both a motion for reconsideration and a request for findings of fact and conclusions of law. The following day, the probate court scheduled a hearing on the motion for reconsideration for January 11, 2021. On November 24, 2020, Jessie filed a timely notice of appeal from the October 2020 order.

Following the hearing on Jessie's motion for reconsideration, the probate court entered an order in January 2021 approving the plan for use of social security benefits to pay T. M. N.'s current needs of food, clothing, shelter, utilities, dental and medical care, and other personal items, as well as expenses associated with the conservatorship. The probate court further approved the plan for the use of investment income and interest to pay for expenses of the conservatorship only. The court ordered that any remaining investment income or interest was to be conserved or invested for T. M. N.'s future use, and could not be used for the overall well-being and stability of the family without further court order. Jessie filed a second notice of appeal from this order.

"When the evidence is uncontroverted and no question of witness credibility is presented, . . . the probate court's application of the law to undisputed facts is subject to de novo appellate review."[2] However, "[e]ven presuming the evidence supported the trial court's actions, we must first have the required findings of fact for review so that we know that the court considered the correct factors in exercising its discretion."[3] With these guiding principles in mind, we turn now to Jessie's claims of error.

1. Jessie argues that the probate court no longer had jurisdiction to enter its January 2021 order because she timely filed a notice of appeal in November 2020. We agree.

As noted above, Jessie filed a second notice of appeal after the probate court entered its January 2021 order on her motion for reconsideration. However, Jessie's "filing of [her] first notice of appeal divested the trial court of its jurisdiction over the

---

[2] *In re Estate of Haring*, 314 Ga. App. 770 (1) (726 SE2d 86) (2012) (citations and punctuation omitted).

[3] *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 515 (3) (690 SE2d 378) (2010).

case and any authority to alter the judgment."[4] "A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending."[5] Accordingly, we vacate and set aside the January 2021 order as a nullity.[6]

2. Jessie contends that the probate court failed to support the October 2020 order with findings of fact and conclusions of law.

Jessie timely filed both her motion for reconsideration and request for findings of fact and conclusions of law within 20 days of the October 2020 order.[7] "Findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, and enable the appellate court to review the judgment adequately and promptly."[8] Even if the trial court had jurisdiction when it held an untranscribed

---

[4] *Moon v. State*, 288 Ga. 508, 517 (11) (705 SE2d 649) (2011); see *Mughni v. Beyond Mgmt. Group*, 349 Ga. App. 398, 402 (3) (825 SE2d 829) (2019) ("It is well settled that a notice of appeal of a judgment divests the trial court of jurisdiction to consider a motion for reconsideration of that judgment[.]").

[5] *McLeod v. Clements*, 306 Ga. App. 355, 357 (2) (702 SE2d 638) (2010).

[6] See *Guthrie v. Wickes*, 295 Ga. App. 892, 894 (1) (673 SE2d 523) (2009).

[7] See OCGA § 9-11-52 (a), (c).

[8] *Grantham v. Grantham*, 269 Ga. 413, 414 (1) (499 SE2d 67) (1998).

hearing on Jessie's motion for reconsideration, "a lack of mandatory written findings overcomes the presumption of regularity."[9]

Because appellate review of the October 2020 order is impossible and Jessie timely petitioned the trial court pursuant to OCGA § 9-11-52 to provide the essential findings of fact and conclusions of law necessary to enable appellate review, we vacate the trial court's judgment and remand the case with direction that the trial court grant Jessie's motion for findings of fact and conclusions of law and supplement its current order with findings which will allow meaningful appellate review of the decision.[10]

3. Based on the foregoing, we are unable to consider Jessie's remaining claims of error.

*Judgment vacated and case remanded. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[9] *Spurlock*, 286 Ga. at 515 (3) (citations and punctuation omitted).

[10] See *Grantham*, 269 Ga. at 414 (1); see also *Spivey v. Mayson*, 124 Ga. App. 775, 776-777 (186 SE2d 154) (1971).