**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 7, 2023**

# In the Court of Appeals of Georgia

A23A0486. FINCH v. WALDEN.

MILLER, Presiding Judge.

This is the second appearance of this matter before this Court. See *In the Interest of S. W.*, 363 Ga. App. 666 (872 SE2d 316) (2022). In this appeal, Chelsea Finch appeals from the trial court's temporary order granting Justin Walden sole legal and physical custody of their minor child, S. W. On appeal, Finch argues that (1) the trial court erred by failing to make findings of fact and conclusions of law which she timely requested before the entry of the order; and (2) the trial court erred by failing to grant her counterclaim for habeas corpus relief and to award her sole legal and physical custody of S. W. We conclude that the trial court was required to enter findings of fact and conclusions of law, and therefore we vacate the trial court's temporary order, and we remand the case for further proceedings.

The factual background of this matter is summarized as follows: In May 2019, the Department of Family and Children Services ("DFCS") received a report regarding the death of S. W.'s two-year-old sibling.[1] *In the Interest of S. W.*, supra, 363 Ga. App. at 666-667. DFCS then took S. W. into its custody and placed her in Walden's care. Id. at 667. DFCS filed a dependency petition and a complaint requesting that Walden have primary physical custody of S. W., alleging that S. W. was deprived due to inadequate supervision and "unexplained child injuries." Id. In a series of orders, the juvenile court found that S. W. was dependent, and it gave Walden sole primary custody of S. W. Id. at 667-668. On appeal, we vacated the juvenile court's orders for failing to make findings of fact and conclusions of law and for failing to provide reasons for the court's disposition as required in dependency proceedings. Id. at 673-675 (4).

Following remand, Walden filed a complaint for change of custody in Columbia County Superior Court, seeking child support and sole legal and physical custody of S. W. Specifically, Walden contended that there were numerous domestic incidents at Finch's home prior to the death of S. W.'s sibling and that Finch

[1] Finch's boyfriend, Michael Sconyers, was later found guilty of murdering S. W.'s sibling, and he was sentenced to life imprisonment.

continues to have a romantic relationship with Sconyers despite his conviction for the murder of S. W.'s sibling. Finch answered the complaint and asserted a counterclaim for habeas corpus relief, arguing that the court had to return S. W. to her custody because the juvenile court's orders had been vacated on appeal and that there was no legal basis for Walden to continue to have custody of S. W.

At the conclusion of the hearing but prior to its ruling, the trial court asked the parties if there was any other evidence to be presented. Finch's counsel orally requested that the court make findings of fact and conclusions of law in entering its order. Specifically, Finch's counsel argued that there were two statutes that required the trial court to make findings of fact and conclusions of law as held by this Court in *VanVlerah v. VanVlerah*, 359 Ga. App. 577 (859 SE2d 546) (2021).[2] After the hearing, the trial court entered a temporary order granting Walden sole legal and physical custody of S. W. and granting Finch supervised visitation in accordance with a parenting plan.[3] The trial court declined to enter findings of fact and conclusions of

---

[2] The trial court requested Finch's counsel to submit supplemental briefing on the issue, but there is no evidence in the record that counsel submitted the supplemental briefing.

[3] The trial court denied Walden's request for child support because it did not have sufficient information to establish an appropriate amount of child support.

law because its order was temporary and therefore fell outside of the ambit of OCGA § 19-9-3. This appeal followed.[4]

1. In her first enumeration of error, Finch argues that the trial court erred by failing to make written findings of facts and conclusions of law as required by OCGA §§ 9-11-52 and 19-9-3. Although findings of fact and conclusions of law were not required in this instance under OCGA § 19-9-3, we agree with Finch that the trial court was required to make findings of fact and conclusions of law under OCGA § 9-11-52.

"The interpretation of a statute is a question of law, which we review de novo." *Sadler v. Rigsby*, 338 Ga. App. 549, 550 (1) (790 SE2d 639) (2016). Additionally,

> [p]ursuant to the rules of statutory construction, we presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

---

[4] As an initial matter, we note that the trial court's temporary order is directly appealable under OCGA § 5-6-34 (a) (11).

4

(Citation omitted.) *Mitchell v. State*, 343 Ga. App. 116, 117 (806 SE2d 226) (2017). With these principles in mind, we turn to Finch's claims of error.

(a) First, Finch argues that the plain language of OCGA § 19-9-3 required the trial court to make findings of fact and conclusions of law in its temporary order. This claim, however, is not meritorious.

OCGA § 19-9-3 provides in part:

If requested by any party on or before the close of evidence in a contested hearing, *the permanent court order* awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody. . . . Such order shall be filed within 30 days of *the final hearing* in the custody case, unless extended by order of the judge with the agreement of the parties.

(Emphasis Supplied.) OCGA § 19-9-3 (a) (8). Thus, by its plain terms, OCGA § 19-9-3 (a) (8) requires findings of facts and conclusions of law in *permanent child custody orders* following contested hearings if properly requested.

Here, the trial court expressly stated that the order was "temporary," rather than permanent. The trial court further expressly stated that the hearing it held in this case was also "temporary." The trial court's order also did not provide for permanent relief, as its order stated that its custody determination would stand only "until further

5

order of [the] [c]ourt," and the order clearly contemplates further proceedings before making a final determination as to custody and child support. Because the plain language of OCGA § 19-9-3 (a) (8) by its express terms applies only to permanent child custody orders, the trial court was correct that it was not required to enter findings of fact and conclusions of law in its temporary order under this statute. Accordingly, Finch's claim as to this statute necessarily fails.

(b) We conclude, however, that Finch is correct that the trial court was required to make findings of fact and conclusions of law under OCGA § 9-11-52 after her timely request.

OCGA § 9-11-52 states in part:

(a) In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court *shall* upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law.

(b) This Code section shall not apply to actions involving *uncontested* divorce, alimony, and custody of minors, nor to motions except as provided in subsection (b) of Code Section 9-11-41[,] [which governs voluntary and involuntary dismissals].

(Emphasis supplied.) OCGA § 9-11-51 (a) - (b). In construing this Code Section, we have previously noted that, "for purposes of statutory construction, the word 'shall' is to be generally construed as a mandatory directive." (Citation omitted.) *Sadler*, supra, 338 Ga. App. at 550 (1). We have also noted that "Georgia courts have continued to apply OCGA § 9-11-52 to contested family law matters, including child custody cases." Id. at 551 (1). There is also no language in OCGA § 9-11-52 that requires a request for findings of fact and conclusions to be in writing. See *Warren v. Smith*, 336 Ga. App. 342, 343-345 (785 SE2d 25) (2016) (holding that the trial court failed to make findings of fact and conclusions of law under OCGA § 9-11-52 where the father made a timely oral request for findings of fact and conclusions of law following a hearing on his petition for change in custody). Nor is there any language in the statute expressly or impliedly exempting temporary orders from a timely request for findings of fact and conclusions of law. See OCGA § 9-11-52 (a).

Here, after Finch's testimony at the hearing but before the trial court entered its judgment, Finch's counsel orally requested that the trial court make findings of fact and conclusions of law. Thus, the record is clear that Finch's request was timely and, since this case involved a contested child custody matter, the trial court was required to enter findings of fact and conclusions of law in its temporary order. See

7

*VanVlerah*, supra, 359 Ga. App. at 579-580 (1) (a) (holding that a pre-judgment request for findings of fact and conclusions of law in a contested family law action was timely and thus the trial court was required to make findings of fact and conclusions of law under OCGA § 9-11-52 (a)); *Sadler*, supra, 338 Ga. App. 550-551 (1) (same).[5] Consequently, "[b]ecause the trial court erred by not including findings of fact and conclusions of law in its [temporary order], we vacate the judgment and remand with direction that the court make sufficient findings and conclusions to support its rulings on the contested [child custody] matter[] at issue in this case." *VanVlerah*, supra, 359 Ga. App. at 580 (1) (a).

2. Finch also argues that the trial court erred by failing to grant her counterclaim for habeas corpus relief and to give her sole legal and physical custody of S. W. In light of our disposition as stated above in Division 1, we do not reach the merits of these arguments. See *VanVlerah*, supra, 359 Ga. App. at 581 (1) (d) (declining to address the merits of the husband's claims regarding the trial court's

---

[5] We reject Walden's claim that this matter came before the trial court on a mere motion, and his reliance on our prior decision *Lupo v. Long*, 145 Ga. App. 876 (245 SE2d 73) (1978) in support of this contention necessarily fails. The record clearly shows that the purpose of the hearing and the order was to adjudicate Walden's complaint for change of custody and Finch's counterclaim for habeas corpus relief.

custody order because the court failed to enter the requisite findings of fact and conclusions of law in the first instance).

Accordingly, for the reasons stated above, we vacate the trial court's temporary custody order, and we remand this case to the trial court to make the requisite findings of fact and conclusions of law to support its temporary order.

*Judgment vacated and case remanded with direction. Mercier and Hodges, JJ., concur.*