**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 26, 2023**

# In the Court of Appeals of Georgia

A23A0339. GELIN v. WELCH.

BROWN, Judge.

Crystal Gelin ("the mother") appeals from the trial court's order modifying custody and child support. She contends that the trial court (1) failed to make sufficient findings of fact and conclusions of law to justify a change of custody based upon a material change in condition, (2) improperly concluded that a material change in condition had occurred, and (3) erred in its award of child support in multiple ways. We agree that the findings in the trial court's order were insufficient and therefore vacate its order and remand this case to the trial court.

The record shows that the mother's attorney requested that the court make findings of fact and conclusions of law at the beginning of the hearing on the issue

of the parties' competing claims for modification of custody. OCGA § 19-9-3 (a) (8) provides in pertinent part:

> If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge as set forth in paragraph (3) of this subsection. Such order shall set forth in detail why the court awarded custody in the manner set forth in the order . . .

See also OCGA § 9-11-52 (a) ("in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law"); *VanVlerah v. VanVlerah*, 359 Ga. App. 577, 579 (1) (a) (859 SE2d 546) (2021) ("OCGA § 9-11-52 (a) applies to contested family law cases. . . ."). "Findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, and enable the appellate court to review the judgment adequately and promptly." *Grantham v. Grantham*, 269 Ga. 413, 414 (1) (499 SE2d 67) (1998). "The findings of fact are not intended to amount to a brief of the evidence and a mere recitation of the events that took place at the trial does not satisfy the requirements of OCGA § 9-11-52 (a)." (Citations and punctuation omitted.) *In the Interest of B. G.*, 345 Ga. App. 167, 168 (1) (812 SE2d 552) (2018)

(applying OCGA § 9-11-52 (a) in a dependency proceeding). Additionally, "the trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached. . . . [A] bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions." (Citations and punctuation omitted.) *Cockerham v. Cockerham*, 359 Ga. App. 891, 896 (2) (860 SE2d 163) (2021).

Having considered a trial court's obligation when a request for findings of fact and conclusions of law is made, we now turn to the requirements for a modification of custody.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child.

(Citation and punctuation omitted.) *Warren v. Smith*, 336 Ga. App. 342, 343 (785 SE2d 25) (2016). As we have explained, the

> trial court must find that a material change in circumstances has taken place *before* it can consider whether modification of custody is in the child's best interests. Accordingly, the trial court must make a threshold

3

finding that there has been a material change in circumstances before it considers what is in the child's best interests.

(Citation and punctuation omitted; emphasis in original.) *Harrison v. Whitaker*, 361 Ga. App. 36, 37 (1) (862 SE2d 597) (2021). "Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case. We review a custody modification order for an abuse of discretion." (Citation and punctuation omitted.) Id.

In this case, the trial court's order includes 33 numbered paragraphs under the heading "Findings of Fact," some of which are properly stated as a finding of fact and others that are mere summaries of testimony at the hearing. In the separately stated "Conclusions of Law" portion of the trial court's order, it found, "based upon the evidence presented and testimony heard at trial," that it was "in the best interest of the minor child for the parties to be awarded joint legal custody" and to "award[ ] primary physical custody of the minor child to [the father]." It then made various findings with regard to the income of the parties and the allegations of contempt. Under a subsequent heading titled "Final Order," the trial court concluded that "[u]pon consideration of this case, the evidence submitted, and the controlling laws governing these issues, this Court finds that there has been a material change in circumstance

4

that warrants a modification in custody, parenting time, and child support in this action."

While the trial court's order is lengthy and reflects a conscientious effort to fulfill its obligation to provide findings of fact and conclusions of law, it is nonetheless fatally flawed because it fails to identify the specific material change in condition warranting a change in custody or to find that such material change in condition had affected the welfare of the child. We therefore must "vacate the [final order] and remand [this case] with direction that the juvenile court prepare appropriate findings of fact [and conclusions of law] and enter a new judgment, after which another appeal may be made." *In the Interest of B. G.*, 345 Ga. App. at 169 (1). In light of this holding, we do not reach the mother's remaining enumerations of error. *In the Interest of S. W.*, 363 Ga. App. 666, 675 (5) (872 SE2d 316) (2022) (appellate court unable to consider merits of orders given the absence of required findings).

*Judgment vacated and case remanded with direction. McFadden, P. J., and Markle, J. concur.*