**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 20, 2017**

# In the Court of Appeals of Georgia

A17A0477. ODUM v. RUSSELL.

BARNES, Presiding Judge.

Steven Douglas Odum appeals from several orders of the trial court, including an order denying his petition to modify custody and motion for contempt, an order awarding his ex-wife attorney fees and litigation expenses, and an order dismissing his initial notice of appeal. Following our review, we reverse the provisions in the final order modifying child custody. We affirm the trial court's award of attorney fees under OCGA § 19-6-2, but we vacate the trial court's award of fees under OCGA § 19-9-3 and remand for further proceedings consistent with this opinion. We also find that Odum's present appeal renders moot the order dismissing his initial notice of appeal.

Odum and Peggy Ann Russell were married in April of 2004, and divorced in July of 2008, and the original divorce decree granted them joint legal and physical custody of their minor child, who was two years old at the time of the divorce. The

divorce decree further granted the parents, among other things, physical custody of the child on an alternating week-by-week basis, gave Odum final decision-making over the child's education, gave Russell final decision-making over the child's health-related issues, and gave both parents shared decision-making authority over the child's extracurricular activities.

On February 10, 2014, Odum filed a petition to modify custody and child support and a motion for contempt. Odum alleged that a change in legal and physical custody of the child was warranted and in the child's best interest based on changes in material circumstances, including that Russell had failed and refused to comply with certain terms and provisions of the divorce decree, did not consult with Odum about the child's health and other issues, provided false and misleading information relating to the child, exhibited poor judgment in disciplining the child, and failed to properly supervise the child.

Russell filed her answer and a counterclaim, in which she alleged material changes in circumstances necessitating that she be granted final decision-making authority in "all matters relating to the minor child after consultation with [Odum]," requested that the summer custody/visitation be modified, and requested that child

support be increased to reflect the substantial increase in Odum's income. She also requested that she be awarded attorney fees and litigation expenses.

Following a hearing, and upon finding no "material change in circumstances that would authorize a change in custody or a reduction in the Mother's parenting time," the trial court entered an order on January 13, 2016, denying the petition to modify custody and directing that "the custody arrangements will remain the same with the parties retaining joint legal and joint physical custody." The trial court found, however, that "parenting issues in the original divorce agreement need adjusting in the best interest of [the child]."

While finding no material change in circumstances, the trial court modified several parenting provisions of the original decree, including changing the final decision-making authority about education from the father to the mother, changing the decision-making about extracurricular activities from joint to the father, and deleting a week of the father's custody during the summer. The order further provided that the child was to "remain in the current school district so long as the mother lives within the district, and . . . stay in the current school through her current fourth (4th) grade and through fifth (5th) grade, at which time she is to attend middle school, then high school in the same district."

The trial court did find a substantial increase in Odum's income since the final judgment and, adopting Russell's child support worksheet referenced in her counterclaim, increased Odum's monthly child support.[1] The court found that Russell was not in contempt for violating the divorce decree, and ordered that the parties undergo co-parenting counseling. The trial court directed Russell to submit her request for litigation expenses and attorney fees within 30 days of the entry of the order.

On February 11, 2016, Russell filed her application for attorney fees and litigation expenses, and on February 12, 2016, Odum filed a timely notice of appeal from the order denying his petition to modify custody. Subsequently, on February 23, 2016, Russell filed a motion to dismiss the notice of appeal, alleging that the order was not final because the motion for attorney fees and litigation expenses was pending, and thus that Odum had to bring the appeal by application. Russell also sought attorney fees for having to respond to Odum's notice of appeal.

On March 14, 2016, Odum filed a response to Russell's February 11 request for attorney fees and litigation expenses, and on March 29, 2016, filed a response to

---

[1] Odum does not challenge the trial court's finding as to the increase in child support payments in this appeal.

her motion to dismiss his notice of appeal. Following a hearing on the motions , the trial court entered an order on March 31, 2016, granting Russell's motion to dismiss Odum's notice of appeal, and, on June 14, 2016, entered an order granting her an award of attorney fees and litigation expenses. Odum now appeals the January 13 final order, the March 31 order dismissing his notice of appeal, and the June 14 order awarding Russell attorney fees and litigation expenses.

1. Odum first contends that the trial court erred in modifying child custody because the trial court found there were no material changes in circumstances. We agree.

Once an award of child custody has been made, to change that arrangement, the trial court must determine whether there has been a material change in circumstances affecting the welfare of the child since the last custody award. *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012). If so, the trial court then determines whether the child's best interests will be served by a change in custody. *Todd v. Casciano*, 256 Ga. App. 631, 632-633 (1) (569 SE2d 566) (2002). This Court will not interfere with a trial court's decision "unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, [we] will not find

5

there was an abuse of discretion." (Citation omitted.) *Autrey v. Autrey*, 288 Ga. 283, 285 (4) (702 SE2d 878) (2010). However,

> there is no precedent which would allow a trial court, absent a change in conditions affecting the welfare of the child, to modify custody. The best interest of the child should be utilized in deciding the case once a change in condition has been established. . . . While a "best interest of the child" standard applies to an initial determination of custody, . . . it is applicable in a change of custody action only after there has been a showing of a change in condition materially affecting the child. Here the trial court determined that there had been no showing of such a change of conditions.

(Citations and punctuation omitted.) *Daniel v. Daniel*, 250 Ga. App. 482, 484-485 (2) (552 SE2d 479) (2001) (once a divorce decree has been approved and a permanent child custody award has been entered, the test for use by the trial court in change of custody suits is whether there has been a change of condition affecting the welfare of the child). Moreover, it makes no difference that, as here, the proceeding is also one involving allegations of contempt. See *Collins v. Billow*, 277 Ga. 604, 605 (1) (592 SE2d 843) (2004) (a trial court lacks the authority to modify the terms of a divorce decree in a contempt proceeding).

The final divorce decree provided that Odum and Russell would have joint legal custody, and further designated which parent would have the power to make decisions about the child's education, activities, healthcare and religious training. See OCGA § 19-9-6 (5).[2] Here, after finding that the "parenting issues in the original divorce agreement need adjusting," and after expressly finding that there had been no material change in circumstances, the trial court changed the final decision-making authority over education from Odum to Russell, changed the decision-making authority over extracurricular activities from joint to Odum, and removed an extra week of custody during the summer from Odum.

Because the trial court expressly found that there had been no material change in circumstances, the trial court was not authorized to modify the original custody

---

[2]   "Joint legal custody" means both parents have equal rights and responsibilities for major decisions concerning the child, including the child's education, health care, extracurricular activities, and religious training; provided, however, that the judge may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.

OCGA § 19-9-6 (5).

7

order by altering parental custody arrangements, which included arrangements over which parent would have final authority over certain decisions relating to the child. See OCGA § 19-9-6 (5). Accordingly, we reverse the trial court's judgment in this respect. See *Weickert v. Weickert*, 268 Ga. App. 624, 627 (1) (602 SE2d 337) (2004) (noting that "a change of custody may be granted only if a new and material change in circumstances affects the child") (citation and punctuation omitted.)

We further note that, although the trial court is "expressly authorized to modify visitation rights, even on its own motion, during a contempt proceeding [pursuant to OCGA § 19-9-3 (b)]," *Stewart v. Stewart*, 245 Ga. App. 20, 21 (1) (537 SE2d 157) (2000), removing Odum's extra week of custody during the summer was a modification of joint physical custody arrangements, not merely visitation, and absent a material change in circumstances, the trial court was not authorized to do so. Accordingly, the trial court's modification of Odum's summer custody arrangements is likewise reversed.

2. Odum also contends that the trial court erred in awarding attorney fees and litigation expenses to Russell pursuant to OCGA § §19-6-2 (a) and 19-9-3 (g).

We review a trial court's decision whether to award attorney fees for an abuse of discretion. See *Hoard v. Beveridge*, 298 Ga. 728, 730 (2) (783 SE2d 629) (2016).

8

Following a hearing, the trial court awarded Russell $500.00 in attorney fees pursuant to OCGA § 19-6-2 "for her defense of the Motion for Citation of Contempt," and $500.00 in attorney fees "for [her] defense of the Petition to Modify Child Support." The trial court also awarded Russell attorney fees and litigation expenses pursuant to OCGA § 19-9-3 "for [the] defense of the Petition to Modify Custody . . . . in the amount of $44,770.37 . . . payable directly to [Russell's] attorney.[3]

(a) Fees awarded under OCGA § 19-6-2

As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. OCGA § 19-6-2 (a) authorizes attorney fees against either party, upon consideration of their financial circumstances, where the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case. . . . Georgia courts have thus approved attorney fees pursuant to OCGA § 19-6-2 when awarded as part of the expense of litigation in the original alimony and divorce proceedings, and in subsequent actions for contempt based on a party's noncompliance with the divorce or alimony decree.

---

[3] In support of her application for award of attorney fees and litigation expenses, Russell included an itemized list of her attorney's billed time, charges, and other expenses, with an affidavit detailing the fees. The affidavit and bills reflected that the total fees and expenses were $42,492.33, that Russell had paid $37,439.76 of the fees, and that there was an unpaid balance of $5,052.57.

(Citation and punctuation omitted.) *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007).

Although Odum contends that the trial court erred in awarding attorney fees under OCGA § 19-6-2 for the defense of the petition to modify child support,

> [t]he statute grants discretion in awarding attorney fees whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case. The action filed by [Odum] was an action to modify [custody], an action for contempt, and an action to modify child support. The action was not purely an action for modification [of custody]. Therefore, under [OCGA] § 19-6-2, the award of attorney fees was in the discretion of the court.

(Citations and punctuation omitted.) *McDonogh v. O'Connor,* 260 Ga. 849, 849- 850 (400 SE2d 310) (1991) (court had discretion to award attorney fees because action for modification of visitation and child support was joined with an action for contempt for failure to comply with the original divorce decree). Compare *Cothran v. Mehosky*, 286 Ga. App. at 641 (although contempt proceedings arose when the ex-wife later failed to comply with the court's order for DNA testing, proceedings did not arise out of the original divorce case, as required by OCGA § 19-6-2, but arose instead out of the paternity and modification action).

10

Here, the $1,000.00 award to Russell under OCGA § 19-6-2 was not based solely on child support modification, but also on contempt allegations that arose out of the original divorce decree; thus, the trial court 's award pursuant to OCGA § 19-6-2 was not an abuse of its discretion. Accordingly, the award of fees under OCGA § 19-6-2 is affirmed.

*(b) Fees awarded under OCGA § 19-9-3*

The trial court also awarded litigation expenses and attorney fees pursuant to OCGA § 19-9-3 "for [the] defense of the Petition to Modify Custody . . . . in the amount of $44,770.37."[4] However, it is unclear to what extent the trial court's erroneous decision to modify the decision-making authority of the parents and to modify summer custody affected the award of fees under OCGA § 19-9-3. Therefore, we vacate that portion of the order awarding Russell attorney fees pursuant to OCGA

---

[4] OCGA § 19-9-3 (g) provides, in pertinent part, that
[e]xcept as provided in Code Section 19-6-2, and in addition to the attorney's fee provisions contained in Code Section 19-6-15, the judge may order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge.

11

§ 19-9-3, and remand the case to the trial court for further proceedings consistent with this opinion.

3. Odum contends that the trial court erred in granting Russell's motion to dismiss his initial notice of appeal. This enumeration is now moot, however, given that Odum was able to later appeal the final order and have his arguments considered on the merits, as reflected supra in Divisions 1 and 2. See *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998)("a case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights. "); *Richardson v. Phillips*, 302 Ga. App. 305, 310-311 (2) (690 SE2d 918) (2010) ("A case is considered moot if the parties' dispute has been resolved, such that the issues involved have become academic or dead.") (citations and punctuation omitted).[5]

Although Odum appears to contend that the issue is not moot because he was held responsible for the legal fees and expenses associated with the dismissal of his

---

[5] We note, however, that OCGA § 5-6-34 (a) (11) provides a right of direct appeal from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." Thus, the trial court's custody order was directly appealable pursuant to OCGA § 5-6-34 (a) (11), even though the matter of attorneys fees and litigation expenses was pending in the case. See *Woodruff v. Choate,* 334 Ga. App. 574, 576 (1) (780 SE2d 25) (2015).

12

notice of appeal, this argument is not supported by a requisite reference to the record reflecting those particular fees, and "we will not cull the record on a party's behalf to locate information in support of the party's argument." *Doherty v. Brown*, 339 Ga. App. 567, 573 (2), n. 4 (794 SE2d 217) (2016).

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with direction. McMillian and Mercier, JJ., concur.*

13